UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| TOWN OF MUNSTER, INDIANA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO.  2:07-CV-044RM |
| ) | |
| CONTINENTAL CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant ) | |

OPINION AND ORDER

This contract dispute arises from an injury that occurred at the Munster Community Park in Munster, Indiana, when Gary Booth was struck in the head with a ball while attending a Munster Little League baseball game. Mr. Booth brought suit in state court against the Town of Munster Parks and Recreation Department, the Town of Munster, the Town of Munster Town Council, and the Town of Munster Town Manger. Continental Casualty agreed to insure the interests of the Munster Department of Parks and Recreation under a liability policy Continental Casualty had issued to Little League Baseball, but declined to defend or indemnify the Town of Munster under the policy. The Town of Munster sued Continental Casualty for declaratory relief in the Lake County Superior Court, arguing Continental Casualty has a duty to defend it under the terms of the subject policy. The matter was removed on the basis of diversity jurisdiction. Continental Casualty now moves to dismiss the complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6), and for the reasons that follow, the court grants its motion.

A Rule 12(b)(6) motion to dismiss challenges the complaint's sufficiency, not its underlying merits, *see* Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990), and the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiffs. Slaney v. Int'l Amateur Athletic Fed'n, 244 F.3d 580, 597 (7th Cir. 2001). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (U.S. 2007). That means a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. A plaintiff doesn't need to plead detailed factual allegations, but his "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965 (citations and footnote omitted).

The following facts are undisputed and recited for purposes of this motion only. Continental Casualty issued a liability insurance policy to Little League

Baseball, Inc.[1] The insurance policy contains an endorsement to the "Name Insured" declaration, which provides that the declaration also includes "any little league to which a certificate/declarations page is issued under this policy number." Munster Little League was issued a declarations page under the policy. The policy also contains two "Additional Insured – Owner, Lessor or Donor" endorsements that name the Munster Parks and Recreation Department and the School Town of Munster as additional insureds. The Town of Munster was neither listed as a named or additional insured under the insurance policy, nor a contracting party to the policy.

"An insurer's duty to defend its insureds is broader than its coverage liability or duty to indemnify." Illinois Farmers Ins. Co. v. Wiegand, 808 N.E.2d 180, 184 (Ind. Ct. App. 2004). Indiana courts "determine the insurer's duty to defend from the allegations contained within the complaint and from those facts known or ascertainable by the insurer after reasonable investigation." Id. "If the pleadings reveal that a claim is clearly excluded under the policy, then no defense is required." Id.

The duty to defend is an contractual duty, United Consulting Engineers v. Board of Com'rs of Hancock County, 810 N.E.2d 351, 354 (Ind. Ct. App. 2004), and insurance policies are generally "subject to the same rules of interpretation

---

[1] Little League Baseball is a federally chartered corporation with its international headquarters in Williamsport, Pennsylvania. It owns and operates five regional centers, including centers in: Bristol, Connecticut; Indianapolis, Indiana; St. Petersburg, Florida; Waco, Texas; and San Bernardino, California. These centers conduct the administrative business of Little League Baseball, Inc., in those regions. *See www.littleleague.org.*

3

as are other contracts." Eli Lilly and Co. v. Home Insurance Co., 482 N.E.2d 467, 470 (Ind. 1985). That means the intent in an unambiguous policy is determined by the plain and ordinary terms within the four corners of the document. Perfect v. McAndrew, 798 N.E.2d 470, 479 (Ind. Ct. App. 2003). The Town of Munster doesn't claim to be listed as an insured under the insurance policy but says Continental Casualty has a duty to defend it in state court because the Town of Munster is the same entity as the Munster Parks and Recreation Department, which is a third party beneficiary to the contract between Munster Little League and Little League, Inc. The Town's argument doesn't persuade the court.

The Town of Munster says that "[f]or liability purposes, when a department acts or fails to act the municipality is acting or failing to act and the municipality itself may be held liable," and "[o]n this basis, the municipality and the department are one body and an agreement to defend one but not the other is not in accord with legal rationale." This argument conflates tort law and contract law. Municipal corporations can be held liable for the municipal subdivisions' negligent actions under a theory of *respondeat superior*. *See* Benton v. City of Oakland City, 721 N.E.2d 224, 232-233 (Ind. 1999) ("[A]ll governmental units are bound, both directly and under the theory of respondeat superior, by the common law duty to use ordinary and reasonable care under the circumstances . . . and [g]overnmental units have a long-recognized duty to maintain a public recreational facility in a reasonably safe manner."); *see also* Mills v. American Playground Device Co., 405 N.E.2d 621, 627 (Ind. Ct. App. 1980) (holding municipalities have

4

a duty "to exercise ordinary care to make public parks reasonably safe for persons rightfully frequenting and using the parks and equipment"). *Respondeat superior*, though, is a tort theory based on an agency relationship between certain governmental units, *see* Donahue v. St. Joseph County ex rel. Bd. of Com'rs of St. Joseph County, 720 N.E.2d 1236, 1241 (Ind. Ct. App.1999), and doesn't render two governmental units the same entity for purposes of insurance coverage, creating a contractual duty for an insurer to defend a municipal corporation that isn't identified as an insured under a subdivision's liability policy. *See, e.g.,* Knoll Pharmaceutical Co. v. Automobile Ins. Co., 167 F. Supp. 2d 1004, 1008 (N.D. Ill. 2001) ("An insurance policy issued to a subsidiary does not automatically cover the parent company."); Clark v. General Acc. Ins. Co. PR. Ltd., 951 F. Supp. 559, 562 (D. Virgin Islands 1997) ("[T]hat Mountain Top only acts through the actions of its board members does not render Mountain Top and the officers and directors one and the same for purposes of insurance coverage."); Bank of Carbondale v. Kansas Bankers Sur. Co., 755 N.E.2d 543, 547 (Ill. App. Ct. 2001); Edinburg Consol. Independent School Dist. v. St. Paul Ins. Co., 783 S.W.2d 610, 612 (Tex. App. 1989) ("[I]t does not follow that an insurance policy, undisputedly insuring only the trustees, necessarily covers the [School] District simply because by statute the trustees have been given the power to manage and govern the District."); St. Paul Guardian Insurance Co. v. Canterbury School of Florida, 548 So.2d 1159, 1160 (Fla. Dist. Ct. App. 1989)(holding that trustee and personnel liability policy only covered the trustees and not the school itself).

Instead, courts examine the policy as a whole to determine the intent of the parties when determining who is an insured under a given policy. Grant v. North River Ins. Co., 453 F. Supp. 1361, 1365 (N.D. Ind. 1978) (applying Indiana law). The policy issued to Little League Baseball is clear and unambiguous —it provides the named insured, including the local little league, as well as the additional insured, including the Munster Parks and Recreation Department. Neither declaration nor endorsement includes the Town of Munster, so to include the Town as an insured for purposes of defense coverage would be to re-write the policy contrary to the parties' apparent intent. Continental Casualty has no duty to defend the Town of Munster based upon the pleadings and the terms of the subject liability policy. Accordingly, the defendant's motion to dismiss [Doc. No. 8] is GRANTED.

SO ORDERED.

Entered:   August 10, 2007

                                /s/ Robert L. Miller, Jr.
                                Chief Judge
                                United States District Court